**In the United States District Court
For the Western District of Texas
Austin Division**

| | |
|---|---|
| **1BMF Inc.,** § | |
| **Plaintiff** § | |
| § | Civil Action: 1:23-cv-816 |
| v. § | |
| § | (Jury Demand) |
| **D.B. Miller Inc.,** § | |
| **Defendant** § | |

## Original Complaint

Plaintiff 1BMF Inc. ("1BMF") brings this Original Complaint against Defendant D.B. Miller Inc. ("Miller") and shows the following:

## Parties

1. 1BMF is a Texas corporation with a principal place of business at 14602 Whistling Oak Drive, Montgomery, Texas 77356.

2. Miller is a Texas corporation with a principal place of business at 9333 Brown Lane, Suite B, Austin, Travis County, Texas 78754. Miller can be served through its registered agent, Bradley J. Miller, at 9333 Brown Lane, Suite B, Austin, Texas 76754.

## Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §1331 and 28 U.S.C. §1338 because 1BMF seeks relief under the Lanham Act, 15 U.S.C. §1051 *et seq*.

4. This Court has personal jurisdiction over Miller because Miller is registered to do business in the State of Texas and resides within the Western District of Texas.

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(1) because Miller resides in the Austin Division of the Western District of Texas.

## Conditions Precedent

6. All conditions precedent have been performed or have occurred.

## The TEXAS TEA Mark

7. On August 24, 2009, non-party Riveredge LLC ("Riveredge") filed a trademark application with the United States Patent and Trademark Office ("USPTO") seeking registration of the standard character mark TEXAS TEA for "Beverages made of tea; Fruit teas; Iced tea" in international class 30 (the "TEXAS TEA Mark"). The USPTO assigned the application serial number 77810995 (the "TEXAS TEA Application").

8. On June 22, 2010, at the conclusion of the prosecution of the TEXAS TEA Application, the USPTO issued U.S. Registered Trademark Number 3808477 (the "TEXAS TEA Registration"). A true and correct copy of the TEXAS TEA Registration, retrieved from the USPTO Trademark Status and Document Retrieval (TSDR) database, is attached and incorporated into this pleading as Exhibit 1.

9. On September 23, 2010, Miller filed a Petition for Cancellation in the Trademark Trial and Appeal Board ("TTAB") against Riveredge, seeking cancellation of the TEXAS TEA Registration. The petition was assigned cancellation proceeding number 92053050 (the "2010 Proceeding").

10. Miller's petition in the 2010 Proceeding alleged, *inter alia*, that:

> Alternatively, TEXAS TEA is readily and immediately understood by consumers as referring to tea beverages having a relationship to Texas. Thus, Registrant's mark ***TEXAS TEA is merely descriptive***, or primarily geographically descriptive, of Registrant's goods, and had not become distinctive of Registrant's goods in commerce when Registrant filed its intent-to-use application. The registration should therefore be cancelled pursuant to 15 U.S.C. §§1052(e)(1) and/or 1052(e)(2).

2010 Proceeding Doc. 1 ¶13 (emphasis added).

11. On November 30, 2010, Miller filed a Motion for Judgment on the Pleadings and Memorandum in Support in the 2010 Proceeding, arguing *inter alia*, that:

> In particular, a mark is merely descriptive and therefore unavailable for registration (absent a showing of acquired distinctiveness) if it immediately describes an ingredient, quality, characteristic, function, feature, purpose or use of the goods to which it is applied. *See In re Quik-Print Copy Shop, Inc.*, 205 USPQ 505, 507 (C.C.P.A. 1980) (descriptive mark "immediately convey[s] knowledge of the essential character of appellant's service"). In this case, the mark TEXAS TEA, as Registrant has itself admitted, does nothing but describe Registrant's goods. *See In re Colonial Stores, Inc.*, 157 USPQ 382, 385 (C.C.P.A. 1968). Further, Registrant has made no effort whatsoever to prove that its mark has acquired distinctiveness. Nor could it, since Registrant acknowledges that it had not used the mark at the time it filed its application. ***Thus, no material issue of fact remains to be resolved regarding the issue of whether TEXAS TEA is a merely descriptive mark when used in connection with tea-related goods***. *See Mercandante*, 23 USPQ2d 1784.

2010 Proceeding Doc. 5 p. 3 (emphasis added).

12. On April 21, 2011, the TTAB denied Miller's Motion for Judgment on the Pleadings, ruling that Riveredge's pleadings sufficiently addressed Miller's allegations, which precluded judgment on the pleadings. *See* 2010 Proceeding Doc. 8 p. 5. The TTAB did not rule on the merits of Miller's substantive allegation that the TEXAS TEA Mark was merely descriptive.

13. On October 3, 2011, in its response to Riveredge's Interrogatory 22 ("State all facts that support Petitioner's statement of paragraph 13 of the Petition of Cancellation."), Miller responded, *inter alia*:

> Alternatively, Registrant's TEXAS TEA mark is ***readily and immediately understood by consumers as referring to tea beverages having a relationship to Texas***. A mark is merely descriptive and therefore unavailable for registration (absent a showing of acquired distinctiveness) if it immediately describes a quality, characteristic, function, feature, purpose, or use of the goods to which it is

applied.

2010 Proceeding Doc. 16 Exhibit (emphasis added). The interrogatory responses were verified by Mr. Deepak Bajaj on behalf of Miller.

14. On December 19, 2011, Mr. Bajaj, then Miller's vice president of marketing, testified during his deposition as follows regarding a "merely descriptive" refusal issued by the Texas Secretary of State in response to Miller's application for TEXAS TEA as a state trademark:

> Q. Okay. So you believe that it merely describes tea, not sold, but made in Texas. Is that how you would describe your product?
>
> A. Correct. And any other Texas Tea out there. ***It's merely descriptive,*** and the reason we filed the state trademark was because it was a lot cheaper than filing a U.S. trademark. And we knew what the result would be after our Texas Springs – or, I'm sorry – Lone Star Springs.

2010 Proceeding Doc. 16 Exhibit (emphasis added).

15. On May 21, 2013, the TTAB dismissed the 2010 Proceeding with prejudice following the joint stipulation of the parties. *See* 2010 Proceeding Doc. 29. The stipulation did not disclose any of Miller's judicial admissions that the TEXAS TEA Mark was merely descriptive.

16. Because Miller never recanted or retracted any of its judicial admissions that the TEXAS TEA Mark was merely descriptive, those admissions remain binding on Miller.

17. On April 17, 2015, Miller recorded the assignment of the TEXAS TEA Registration from Riveredge to Miller. Mr. Bajaj executed the assignment on behalf of Miller as its corporate secretary. The assignment did not disclose any of Miller's judicial admissions that the TEXAS TEA Mark was merely descriptive.

18. On June 23, 2015, Miller filed a Combined Declaration of Use and Incontestability under Sections 8 & 15 for the TEXAS TEA Registration. The specimen submitted with the declaration showed bottles of Miller's products having labels including, *inter alia*, the TEXAS TEA Mark, an outline of the State of Texas, and text identifying the flavor of the tea:



The filing included the declaration of Mr. Bajaj as corporate secretary for Miller. The declaration did not disclose any of Miller's judicial admissions that the TEXAS TEA Mark was merely descriptive.

19. On June 17, 2020, Miller filed a Combined Declaration of Use and/or Excusable Nonuse/Application for Renewal of Registration of a Mark under Sections 8 & 9 for the TEXAS TEA Registration. The specimen submitted with the declaration included, *inter alia*, text describing the product as "highlighting a uniquely Texas product or town" and bottles of Miller's products having the TEXAS TEA Mark, an outline of the State of Texas, and text identifying the flavor of the tea:



The filing included the declaration of Mr. Bajaj as corporate secretary for Miller. The declaration did not disclose any of Miller's judicial admissions that the TEXAS TEA Mark was merely descriptive.

20. Miller's failure to inform the USPTO of its judicial admissions that the TEXAS TEA Mark was merely descriptive constituted fraud on the USPTO because Miller willfully withheld material information that would have would have been considered important when the USPTO reviewed (a) the joint stipulation of dismissal in the 2010 Proceeding, (b) Miller's recordation of the 2015 assignment of the TEXAS TEA Registration, (c) Miller's filing of the 2015 Section 8/9 declaration, and (d) Miller's filing of the 2020 Section 8/15 declaration.

21. Because Miller fraudulently secured its continuing rights of registration, including the incontestable right to use the mark, Miller may not claim incontestability under 15 U.S.C. §1065 as to the TEXAS TEA Registration.

### The Y'ALLS TEXAS TEA Mark

22. On September 30, 2019, 1BMF filed a trademark application with the USPTO seeking registration of the standard character mark Y'ALLS TEXAS TEA for "Alcoholic beverages, namely, fruit flavors, including lemon, orange, berry,

grape, melon and other fruit flavors; alcoholic beverages in flavors resembling sweetened, unsweetened and fruit flavored iced tea" in international class 33 (the "Y'ALLS TEXAS TEA Mark"). The USPTO assigned the application serial number 88636421 (the "Y'ALLS TEXAS TEA Application").

23. On January 2, 2020, USPTO Trademark Examiner Uka Onuoha conducted a series of searches of the USPTO trademark database, including a compound search for "((*texas* *tx*)[BI,TI] not dead[ld] ) AND (tea*[BI,TI] not dead[ld])." Upon information and belief, the list of results from that search would have included, *inter alia*, the TEXAS TEA Registration.

24. On January 6, 2020, Examiner Onuoha entered an Examiner's Amendment, first noting:

> **USPTO database searched; no conflicting marks found**. The trademark examining attorney searched the USPTO database of registered and pending marks and found no conflicting marks that would bar registration under Trademark Act Section 2(d). 15 U.S.C. §1052(d); TMEP §704.02.

Examiner's Amendment (emphasis in original). The Examiner amended the identification of goods:

> The identification of goods is amended to read as follows: "Alcoholic beverages, namely, **vodka in** fruit flavors, including lemon, orange, berry, grape, melon and other fruit flavors; alcoholic beverages, **namely, vodka** in flavors resembling sweetened, unsweetened and fruit flavored iced tea." See TMEP §§1402.01, 1402.01(e).

*Id*. (emphasis in original). The Examiner also added a disclaimer:

> No claim is made to the exclusive right to use "TEXAS TEA" apart from the mark as shown. *See* 15 U.S.C. §1056(a); TMEP §§1213, 1213.08(a)(i).

*Id*.

25. On June 8, 2021, after submission and acceptance of a statement of use, the USTPO issued U.S. Registered Trademark Number 6381188 (the "Y'ALLS TEXAS TEA Registration").

**Miller's Petition to Cancel the Y'ALLS TEXAS TEA Registration**

26. On May 2, 2022, Miller filed a Petition for Cancellation in the TTAB against 1BMF, seeking cancellation of the Y'ALLS TEXAS TEA Registration. The petition was assigned cancellation proceeding number 92079623 (the "2022 Proceeding"). A true and correct copy of the Petition, retrieved from the Trademark Trial and Appeal Board Inquiry System (TTABVUE), is attached and incorporated into this pleading as Exhibit 2.

27. In its petition, Miller alleges that it "owns an incontestable registration for the TEXAS TEA mark in connection with 'beverages made of tea; fruit teas; iced tea.'" 2022 Proceeding Petition ¶5 (quoting from the TEXAS TEA Registration).

28. In its petition, Miller alleges that "has priority [over the Y'ALLS TEXAS TEA Registration] based on its prior use and registration of the TEXAS TEA mark in the United States. 2022 Proceeding Petition ¶7.

29. In its petition, Miller alleges that the Y'ALLS TEXAS TEA Mark is "likely, when used on or in connection with [1BMF's] goods, to cause confusion, or to cause mistake, or to deceive," and that "[p]urchasers and prospective purchasers are likely to falsely believe that the goods [1BMF] offers under the mark are sponsored, endorsed, or approved by [Miller], or are in some way affiliated, connected, or associated with [Miller] or [Miller's] products." 2022 Proceeding Petition ¶11.

## Count One – Declaratory Judgment of Invalidity

30. 1BMF incorporates all of the allegations set forth in ¶1 through ¶29 into this first count of its Complaint.

31. There is now an actual controversy between 1BMF and Miller with respect to the TEXAS TEA Registration created by the 2022 Proceeding. More particularly, in its petition against 1BMF, Miller has asserted that it has a right to demand cancellation of IBMF's Y'ALLS TEXAS TEA Registration by virtue of its alleged common law rights to the TEXAS TEA Mark and its ownership of the TEXAS TEA Registration.

32. In the words of Miller's own judicial admission, "no material issue of fact remains to be resolved regarding the issue of whether TEXAS TEA is a merely descriptive mark when used in connection with tea-related goods;" therefore, the TEXAS TEA Registration is invalid as a matter of law under 15 U.S.C. §1052(e).

33. In the alternative, on the face of the specimen most recently submitted by Miller to demonstrate commercial use of the TEXAS TEA Mark, the mark is literally "tea" that is "made with and highlighting a uniquely Texas product or town," and as such, is invalid as a matter of fact under 15 U.S.C. §1052(e).

34. 1BMF is entitled to a declaration by this Court that the TEXAS TEA Registration is invalid under the requirements of 15 U.S.C. §1052(e), and further, 1BMF is entitled to an order of this Court, pursuant to 15 U.S.C. §1119, to remove the TEXAS TEA Registration from the USPTO's principal trademark register.

## Count Two – Declaratory Judgment of Non-Infringement under 15 U.S.C. §1114

35. 1BMF incorporates all of the allegations set forth in ¶1 through ¶29 into this second count of its Complaint.

36. There is now an actual controversy between 1BMF and Miller with respect to 1BMF's use of the Y'ALLS TEXAS TEA Mark in view of the TEXAS TEA Mark. More particularly, in its petition against 1BMF, Miller has characterized 1BMF's use of the Y'ALLS TEXAS TEA Mark in terms that states a cause of action under 15 U.S.C. §1114 ("…likely … to cause confusion, or to cause mistake, or to deceive…").

37. The Y'ALLS TEXAS TEA Mark is unlikely to cause confusion with respect to the TEXAS TEA Mark at least because of (a) the presence of the "Y'ALLS" leading term and (b) the unrelatedness of the goods (alcohol drinks versus non-alcohol drinks).

38. 1BMF is entitled to a declaration by this Court that 1BMF's use of the Y'ALLS TEXAS TEA Mark does not infringe the TEXAS TEA Mark under 15 U.S.C. §1114.

## Count Three – Declaratory Judgment of No Unfair Competition under 15 U.S.C. §1125(a)

39. 1BMF incorporates all of the allegations set forth in ¶1 through ¶29 into this third count of its Complaint.

40. There is now an actual controversy between 1BMF and Miller with respect to 1BMF's use of the Y'ALLS TEXAS TEA Mark in view of the TEXAS TEA Mark. More particularly, in its petition against 1BMF, Miller has characterized 1BMF's use of the Y'ALLS TEXAS TEA Mark in terms that state a cause of action under

15 U.S.C. §1125 ("… sponsored, endorsed, or approved … or are in some way affiliated, connected, or associated with…").

41. The Y'ALLS TEXAS TEA Mark is unlikely to cause confusion with respect to the TEXAS TEA Mark at least because of (a) the presence of the "Y'ALLS" leading term and (b) the unrelatedness of the goods (alcohol drinks versus non-alcohol drinks).

42. 1BMF is entitled to a declaration by this Court that 1BMF's use of the Y'ALLS TEXAS TEA Mark does not unfairly compete with the TEXAS TEA Mark under 15 U.S.C. §1125.

## Attorney Fees

43. Miller's willful and fraudulent conduct with respect to its lack of candor to the USPTO justifies a finding of an "exceptional case" and an award of attorney fees to 1BMF.

## Request for Relief

1BMF respectfully asks this Court to summon Miller to appear and answer this Original Complaint, and after trial on the merits before a jury, grant judgment in favor of 1BMF as follows:

a) Declare the TEXAS TEA Registration to be invalid as merely descriptive of Miller's goods.

b) Order the USPTO to remove the TEXAS TEA Registration from the principal register.

c) Declare that 1BMF's use of its Y'ALLS TEXAS TEA Mark does not infringe the TEXAS TEA Mark under 15 U.S.C. §1114.

d) Declare that 1BMF's use of its Y'ALLS TEXAS TEA Mark does not unfairly

      compete with the TEXAS TEA Mark under 15 U.S.C. §1125.

e)    Award 1BMF reasonable and necessary costs and attorney fees.

f)    Grant all other relief deemed appropriate by this Court.

      Respectfully submitted,

      /s/ William D. Cramer
      William D. Cramer
      Texas State Bar Number 00790527
      Clark Hill PLC
      901 Main Street, Suite 6000
      Dallas, Texas 75202
      214-651-2038
      214-651-4330 (fax)
      BCramer@ClarkHill.com
      Attorney for 1BMF