IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| 1BMF, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-816-DII |
| | § | |
| D.B. MILLER, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant D.B. Miller, Inc.'s ("Defendant") motion to dismiss Count I of Plaintiff 1BMF, Inc.'s ("Plaintiff") complaint, (Dkt. 1). (Mot., Dkt. 5). Plaintiff filed a response in opposition, (Dkt. 6), and Defendant filed a reply, (Dkt. 7). After considering the parties' briefing, the record, and the relevant law, the Court will grant Defendant's motion and dismiss Count I of Plaintiff's complaint.

**I. BACKGROUND**

Defendant owns U.S. Registered Trademark Number 3808477 for the mark TEXAS TEA, which covers "beverages made of tea; fruit teas; iced tea." (*See* Ex. 1, Dkt. 1-1; Ex. 2, Dkt. 1-2 at 8–9). Non-party Riveredge LLC ("Riveredge") originally owned the TEXAS TEA mark, which was registered on June 22, 2010. (Compl., Dkt. 1, at 2; Ex. 1, Dkt. 1-1). On April 17, 2015, Defendant recorded the assignment of the mark from Riveredge to Defendant. (Ex. 2, Dkt. 1-2, at 9). Defendant then renewed the registration of the mark in 2015 and 2020. (*Id.*). As part of its 2015 registration, Defendant filed a Combined Declaration of Use and Incontestability, and as part of its 2020 registration, it filed a Combined Declaration of Use and Renewal. (Compl., Dkt. 1, at 5).

In September 2019, Plaintiff filed a trademark application for the mark Y'ALLS TEXAS TEA for vodka in fruit flavors and in flavors resembling iced tea. (Compl., Dkt. 1, at 6–7). On June

1

8, 2021, the United States Patent and Trademark Office ("USPTO") issued U.S. Registered Trademark Number 6381188 for the Y'ALLS TEXAS TEA mark. (*Id.* at 8). Believing that the Y'ALLS TEXAS TEA mark conflicted with their TEXAS TEA mark, Defendant petitioned to cancel Plaintiff's registration of the Y'ALLS TEXAS TEA mark at the Trademark Trial and Appeal Board ("TTAB") in May 2022, alleging likelihood of confusion under 15 U.S.C. § 1052(d). (*Id.*; *see also* Ex. 2). In its petition, Defendant alleges that it owns an incontestable registration for the TEXAS TEA mark and that it has priority over the Y'ALLS TEXAS TEA registration based on Defendant's prior use and registration of the TEXAS TEA mark in the United States. (Compl., Dkt. 1, at 8). In response, Plaintiff asserted affirmative defenses that Defendant's TEXAS TEA mark is merely descriptive, but the TTAB rejected those affirmative defenses on Defendant's motion to strike, finding that Plaintiff's descriptiveness allegation was "statutorily barred" and "unavailable" as an affirmative defense or as an attempted counterclaim. *D.B. Miller, Inc. v. 1BMF, Inc.*, Cancellation No. 92079623 (TTAB August 12, 2022); (*see also* Ex. A, Dkt. 5-1, at 5).

On July 19, 2023, Plaintiff filed its complaint, seeking declaratory relief based on the controversy that exists between Plaintiff and Defendant due to Defendant's petition of cancellation of Plaintiff's Y'ALLS TEXAS TEA mark. (Compl., Dkt. 1, at 9). Plaintiff brings three counts, each seeking a different declaratory judgment. Count I seeks a declaratory judgment that Defendant's TEXAS TEA mark is invalid under 15 U.S.C. § 1052(e) and a court order that the TEXAS TEA registration be removed from the USPTO's principal trademark register. Count II seeks a declaratory judgment that Plaintiff's use of the Y'ALLS TEXAS TEA mark does not infringe the TEXAS TEA mark under 15 U.S.C. § 1114. Count III seeks a declaratory judgment that Plaintiff's use of the Y'ALLS TEXAS TEA mark does not unfairly compete with the TEXAS TEA mark under 15 U.S.C. § 1125. (*Id.* at 9–11).

On September 18, 2023, Defendant moved to dismiss Count I of the complaint. (Mot., Dkt. 5). It argues that Plaintiff's request for a declaration of invalidity is unavailable as a matter of law because under the Lanham Act, the TEXAS TEA registration cannot be cancelled on grounds of mere descriptiveness as the registration is over five-years old and is incontestable. (*Id.* at 3–5). Plaintiff responded, arguing that its claim can proceed because an incontestable trademark registration can be challenged if the registration was obtained fraudulently. (Resp, Dkt. 6, at 1–3).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and

3

matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

Sections 14 and 15 of the Lanham Act restrict the grounds on which trademark registrations that are over five years old and incontestable can be cancelled. Under Section 14, registrations over five-years old cannot be cancelled on grounds of mere descriptiveness. *See* 15 U.S.C. § 1064(3) (not listing mere descriptiveness as a ground for cancellation). Under Section 15, a registered mark becomes incontestable if it has been in continuous use for five consecutive years subsequent to the date of the registration, provided that the mark's owner submits an affidavit attesting to the mark's continuous use. 15 U.S.C. § 1065. An incontestable registration is "conclusive evidence of the validity of the registered mark and of the registration of the mark . . . ." 15 U.S.C. § 1115(b). Incontestable registrations also cannot be cancelled on the grounds that a mark is merely descriptive. *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 201 (1985) ("Congress expressly provided in §§ 33(b) and 15 that an incontestable mark could be challenged on specified grounds, and the grounds identified by Congress do not include mere descriptiveness.").

There is no dispute that the TEXAS TEA mark was registered in 2010 and that the registration obtained incontestability status when Defendant provided its Section 15 affidavit in 2015. (*See* Ex. 2, Dkt. 1-2, 7–10). Because the registration is over five years old and is incontestable—as Plaintiff has acknowledged, (*see* Compl., Dkt. 1, at 2, 5)—Defendant argues that Count I must be dismissed because Plaintiff cannot receive a declaration that the TEXAS TEAM mark is invalid on the basis that it is a merely descriptive mark. (Mot., Dkt. 5, at 4–5).

In response, Plaintiff relies on 15 U.S.C. § 1115(b)(1), which allows a party to challenge the validity of an incontestable registered mark if "the registration or the incontestable right to use the mark was obtained fraudulently." (Resp., Dkt. 6, at 1–2). Plaintiff's fraud claim rests on arguments Defendant made prior to it owning the TEXAS TEA mark. In September 2010, shortly after Riveredge obtained registration of the TEXAS TEA mark, Defendant filed a petition for cancellation in the TTAB seeking to cancel the registration. (Compl., Dkt. 1, at 2). At various points in that proceeding, Defendant argued that the TEXAS TEA mark should be cancelled because the mark was "merely descriptive." (*Id.* at 2–4). The 2010 proceeding was ultimately dismissed with prejudice in 2013 following a joint stipulation of the parties. (*Id.* at 4). Plaintiff alleges that these statements were "binding judicial admission[s]" and that Defendant had a duty to disclose these prior arguments when it filed (1) a stipulated withdrawal of the 2010 petition for cancellation; (2) a request for the recordation of the assignment of the TEXAS TEA registration from Riveredge to Defendant; (3) its combined Declaration of Use and Incontestability in 2015; and (4) its Combined Declaration of Use and Renewal of Registration in 2020. By failing to disclose these statements in various filings with the USPTO, Plaintiff argues that Defendant concealed a "known material fact," which constituted fraud by Defendant against the USPTO. (Resp., Dkt. 6, at 3–9).

Ultimately, Plaintiff's argument is unpersuasive for two reasons. First, Plaintiff did not properly assert a claim for cancellation of Defendant's registration. Count I of the Complaint calls for a declaratory judgment based on the allegation that the TEXAS TEA registration is invalid under 15 U.S.C. § 1052(e). (Compl., Dkt. 1, at 9). However, § 1052 deals with the requirements to obtain registration, not the cancellation of an already registered mark. Plaintiff would have had to bring a claim instead under § 1064, which lists the acceptable grounds on which a registered mark can be cancelled, and § 1120, which creates a civil action for false or fraudulent registration.

Second, even if Plaintiff had properly asserted a claim for cancellation for fraudulent registration, the alleged misrepresentations that Plaintiff relies upon do not and cannot amount to fraud. When filing documents with the USPTO, parties and their representatives have a duty of honesty and candor and cannot make false representations of material facts. *See* 37 C.F.R. § 11.18 (2023). To cancel an otherwise incontestable mark for fraudulent registration, a plaintiff must prove (1) a false representation of a material fact, (2) knowledge or belief that the representation is false, (3) intent to induce the USPTO to act or refrain from acting in reliance on the misrepresentation, (4) reasonable reliance by the USPTO on the misrepresentation, and (5) damage from such reliance. *Texas Pig Stands Inc. v. Hard Rock Cafe Int'l Inc.*, 951 F.2d 684, 693 n. 14 (5th Cir. 1992).

Plaintiff's claim fails at the outset as there is no allegation of a false representation of a material fact. Defendant's argument during the 2010 cancellation proceeding that the TEXAS TEA mark is merely descriptive is not a "material fact." A trademark's categorization as descriptive is a legal conclusion about the mark, not a fact that exists independently in the world. A determination of whether a mark is descriptive involves a decision by the USPTO or a court as to whether a mark immediately conveys to a potential consumer a direct description of some aspect of the goods or services associated with the mark. J. Thomas McCarthy, 2 McCarthy on Trademarks and Unfair Competition § 11.51 (5th ed. 2023). While a litigant's position on whether a mark is descriptive can be helpful to a decisionmaker, it is ultimately a court or the USPTO that will decide if a mark is descriptive. In fact, in considering the application of a potentially descriptive mark, the USPTO bears the initial burden of presenting a prima facie case that a mark is descriptive. *Id.*

Nor are Defendant's prior legal arguments "judicial admissions" as Plaintiff repeatedly asserts. (*See, e.g.,* Compl., Dkt. 1, at 9; Resp., Dkt. 6, at 6–7). A judicial admission is a "formal waiver of proof that relieves an opposing party from having to prove the admitted fact and bars the party who made the admission from disputing it." *Admission*, Black's Law Dictionary (11th ed. 2019).

Defendant's prior statements are not judicial admissions because they are not facts—they are legal arguments. In addition, these statements were made in a proceeding that concluded over ten years ago, and thus have no bearing on the present cancellation proceeding before the USPTO or the case before this Court.

Because Defendant's statements about the mark's descriptiveness were arguments, they are not facts that needed to be disclosed to the USPTO. Plaintiff relies upon 37 C.F.R. § 11.18 (2023), but this provision requires only that statements made to the USPTO not conceal or falsify a "material fact." 37 C.F.R. § 11.18 thus does not apply to Defendant's prior legal arguments. Plaintiff does not cite any other legal authority dictating that Defendant had an obligation to disclose its prior legal arguments when it filed any of the four filings Plaintiff alleges constitute fraud.

In fact, Plaintiff's arguments are contrary to clear USPTO policies. First, Defendant had no duty to disclose its prior arguments when Defendant filed the stipulated withdrawal of the 2010 petition for cancellation or its recordation of the assignment of the TEXAS TEA registration because the USPTO does not require or review such information when processing those documents. *See* TBMP § 605.03(a) (2023) (explaining that when filing a stipulation of withdrawal, the parties may "simply file electronically a stipulation stating the desired disposition of the proceeding); TMEP § 503.01(c) (2023) (stating that the act of recording an assignment "is a ministerial act, and not a determination of the document's validity"). Defendant also had no duty to disclose its prior arguments when it filed its Combined Declaration of Use and Incontestability in 2015. In filing a Combined Declaration of Use and Incontestability under Sections 8 and 15, the USPTO makes it clear which statements Defendant must swear to.[1] Nowhere on the declaration does it require that

---

[1] The affiant must state that (1) the "mark is in use in commerce"; (2) the "mark has been continuously used in commerce for five consecutive years after the date of registration . . . and is still in use in commerce . . ."; (3) there has been "no final decision adverse to the owner's claim of ownership of such mark . . . or to the owner's right to register the same or keep the same on the register"; and (4) there is "no proceeding involving

an applicant disclose prior legal arguments made in a proceeding that concluded years prior without a final adverse decision. Last, Defendant had no duty to disclose these statements when it filed its Combined Declaration of Use and Application for Renewal of Mark under Sections 8 and 9 because, similar to the Combined Declaration of Use and Incontestability, the USPTO only requires that registrants swear that "the mark is in use in commerce in connection with all goods/services" "listed in the existing registration for this specific class." (*See* Def.'s Sec. 8 and 9 Decl., Dkt. 6-11, at 4–5).

In sum, Plaintiff has failed to state a claim that Defendant's registration is invalid and should be cancelled for fraudulent registration. Plaintiff has improperly asserted a claim for fraud. Even if Plaintiff properly asserted its fraud claim, it has failed to plead that there has been a false representation of a material fact because Defendant's prior arguments about the mark's descriptiveness do not concern a "material fact" nor has Plaintiff cited any legal authority that required Defendant to disclose these statements. Because Plaintiff has failed to state a claim for invalidity and cancellation of Defendant's mark, Count I of Plaintiff's complaint must be dismissed.

Last, Defendant requests leave to amend its complaint should the Court find that Count I is insufficiently pled. (Resp., Dkt. 6, at 11). Plaintiff, meanwhile, asks that this Court deny Plaintiff leave to amend because any amendment would be futile, and dismiss Count I with prejudice. (Mot., Dkt. 5, at 5–6). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). The futility of amendment is one such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *Id.* at 873.

---

said rights pending and not disposed of . . . ." (*See* Def.'s Combined Decl. of Use and Incontestability Under Sections 8 and 15, Dkt. 6-9, at 5).

Here, the Court finds that any amendment to Count I would be futile. As explained, Defendant's TEXAS TEA registration is incontestable and thus registration of the mark is "conclusive evidence of the validity" of the mark. *See* 15 U.S.C. § 1115(b). The TEXAS TEA registration can thus only be challenged for specific reasons, including fraudulent registration. *See id.* § 1115(b)(1). However, Plaintiff's allegations cannot state a claim for fraudulent registration because Defendant's prior statements are not material facts that it had a duty to disclose. An amendment cannot fix these fundamental flaws in Plaintiff's argument. Therefore, the Court will deny Plaintiff leave to amend Count I as futile and dismiss Count I with prejudice. *See Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 570 (5th Cir. 2020) (finding no abuse of discretion where a district court dismissed a complaint with prejudice after holding that the plaintiff's claim was futile).

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant's motion to dismiss, (Dkt. 5), is **GRANTED**. Count I of Plaintiff's Complaint, (Dkt. 1), is **DISMISSED WITH PREJUDICE**.

**SIGNED** on March 4, 2024.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE